UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD L. EDEN,<br><br>               Plaintiff,<br><br>    v.<br><br>WAL-MART STORES, INC.,<br><br>               Defendant. | CASE NO. C15-5669 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AND REQUESTING JOINT STATUS REPORT |

This matter comes before the Court on Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") motion to enforce settlement (Dkt. 22). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

On July 17, 2015, Plaintiff Donald Eden filed a complaint against Wal-Mart in Thurston County Superior Court for the State of Washington. Dkt. 1-2. Eden's claims are based on allegations of Wal-Mart's employees using excessive force when they confronted Eden about possibly stealing merchandise from the store. *Id*.

On September 17, 2015, Wal-Mart removed the matter to this Court. Dkt. 1.

1     On August 13, 2016, Wal-Mart filed a notice of settlement. Dkt. 10. During mediation, the parties agreed to certain terms, including the provisions that (1) Eden would "execute a full and final release of all claims" and (2) the "parties will stipulate to a dismissal with prejudice of [Eden's] claims." Dkt. 24 at 5 ("Settlement Memorandum"). These terms were reduced to writing and signed by Eden, his attorney, and Wal-Mart's attorney. *Id*.

On April 24, 2017, the Court granted Eden's attorney's motion to withdraw. Dkt. 20. That same day, Eden filed a letter explaining his position. Dkt. 21. Eden asserts that he will not agree to various provisions within Wal-Mart's final proposed settlement agreement. *Id*. at 15.

On May 11, 2017, Wal-Mart filed the instant motion requesting that the Court enforce the settlement agreement and dismiss all claims with prejudice. Dkt. 22. According to Wal-Mart, Eden has "remained steadfast in his refusal to sign a final Release." Dkt. 2 at 4.

## II. DISCUSSION

As a threshold matter, "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules, W.D. Wash. LCR 7(b)(2). Although Eden failed to respond directly to Wal-Mart's motion, the Court is aware of his letter that contains sufficient information regarding the instant dispute to be considered a response to Wal-Mart's motion. Therefore, the Court declines to consider Eden failure as an admission that Wal-Mart's motion has merit.

Regarding the merits, in Washington, settlement agreements are considered contracts and general contract principles apply to such agreements. *Stottlemyre v. Reed*, 35 Wn.App. 169, 171 (1983). "If the intention of the parties is plain and the terms of a contract are agreed upon, then a contract exists, even though one or both of the parties may have contemplated later execution of a writing." *Id*.

In this case, Wal-Mart argues that the Settlement Memorandum constitutes an enforceable contract. Dkt. 22 at 5–6. The Court disagrees. While some of the material terms of the parties' agreement were clearly reduced to writing, Wal-Mart has failed to show that the intentions of the parties were clear regarding which claims Eden agreed to dismiss. According to Eden, he did not agree to dismiss his claims against the individual Wal-Mart employees. *See generally* Dkt. 21. Wal-Mart recognizes Eden's position, but simply disagrees with Eden's interpretation of the operative language in the Settlement Memorandum. Dkt. 22 at 3 (Eden's "refusal to sign the [final release] appeared to be his desire to retain the right to file suit against individual Wal-Mart employees . . . ."). Without a clear meeting of the minds on an essential term, the Settlement Memorandum is not an enforceable contract and the Court will not enforce specific performance upon Eden. Therefore, the Court denies Wal-Mart's motion to enforce settlement, and the parties shall resume litigation of Eden's claims.

### III. ORDER

Therefore, it is hereby **ORDERED** that Wal-Mart's motion to enforce settlement (Dkt. 22) is **DENIED**. The parties shall meet and confer regarding a joint status report as previously requested. *See* Dkt. 4. A report shall be filed no later than July 7, 2017.

Dated this 19th day of June, 2017.

BENJAMIN H. SETTLE
United States District Judge