UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD L. EDEN,<br><br>               Plaintiff,<br><br>   v.<br><br>WAL-MART STORES, INC.,<br><br>               Defendant. | CASE NO. C15-5669 BHS<br><br>ORDER DENYING CREDITOR'S MOTION TO FORECLOSE LIEN, GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION, AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME |

This matter comes before the Court on Creditor Darrin Bailey's ("Bailey") motion to enforce lien (Dkt. 33), Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") motion for entry of judgment and leave to deposit funds into the Court (Dkt. 35), and Plaintiff Donald Eden's ("Eden") motion for extension of time (Dkt. 37). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On July 17, 2015, Eden filed a complaint against Wal-Mart in Thurston County Superior Court for the State of Washington. Dkt. 1-2. Eden's claims were based on allegations of Wal-Mart's employees using excessive force when they confronted Eden about possibly stealing merchandise from the store. *Id*.

On September 17, 2015, Wal-Mart removed the matter to this Court. Dkt. 1.

On August 13, 2016, Wal-Mart filed a notice of settlement. Dkt. 10. During mediation, the parties agreed to payment of $25,000 to Eden and other terms, including the provisions that (1) Eden would "execute a full and final release of all claims" and (2) the "parties will stipulate to a dismissal with prejudice of [Eden's] claims." Dkt. 24 at 5 ("Settlement Memorandum"). These terms were reduced to writing and signed by Eden, his attorney Bailey, and Wal-Mart's attorney. *Id.*

On March 31, 2017, Bailey filed a motion to withdraw based on irreconcilable differences between attorney and client. Dkt. 18. On April 3, 2017, Bailey filed a notice of attorney's lien for $10,409.50. Dkt. 19. This amount consisted of $409.50 of costs and $10,000 for reasonable attorney's fees based on the parties' contract for 40% contingency of the proposed settlement amount of $25,000. *Id.* On April 24, 2017, the Court granted Bailey's motion to withdraw. Dkt. 20. That same day, Eden filed a letter explaining his position. Dkt. 21. Eden asserted that he would not agree to various provisions within Wal-Mart's final proposed settlement agreement. *Id.* at 15.

On May 11, 2017, Wal-Mart filed a motion to enforce the settlement agreement. Dkt. 22. On June 19, 2017, the Court denied the motion because Wal-Mart failed to show that the parties had a complete meeting of the minds as to the material terms of the settlement. Dkt. 26.

On March 16, 2018, the parties notified the Court that Eden had accepted Wal-Mart's offer of judgment in the amount of $45,000. Dkt. 31.

On March 28, 2018, Bailey filed a motion to foreclose his attorney's lien asserting that he is entitled to the original sum of $10,409.50 plus interest from the date he filed his lien. Dkt. 33. Bailey also submitted his legal services agreement with Eden. Dkt. 34-1. The agreement provided that Eden would pay reasonable attorney's fees of "40% of any recovery at any time before through entry of a judgment or arbitration award in the Matter (but before appeal)." *Id*. ¶ 5. Eden also agreed "to pay all costs, including any costs that are advanced by [Bailey]." *Id*. ¶ 7. Upon termination of representation, Eden agreed to pay "the reasonable value for services rendered plus unreimbursed costs." *Id*. ¶ 12(c). If a dispute arose regarding fees, Eden agreed to submit the dispute to "the Washington State Bar Association for arbitration and prompt resolution." *Id*. ¶ 17. Finally, the parties agreed that any action to enforce the agreement shall be filed "in King County Superior Court or King County District Court, Seattle Division." *Id*.

On April 16, 2018, Wal-Mart filed a motion for entry of judgment and requested leave to deposit the settlement funds into the Court registry pending the Court's resolution of Eden and Bailey's dispute. Dkt. 35. No party opposed this motion.

On April 26, 2018, Eden filed a motion for extension of time to allow his untimely response to Bailey's motion. Dkt. 37. On May 1, 2018, Bailey responded to Eden's motion. Dkt. 38.[1]

---

[1] The Court grants Eden's motion over Bailey's objections. As further explained below, the Court concludes that the matter is controlled by the parties' contract, and Bailey is not prejudiced by the Court considering Eden's untimely response.

## II.  DISCUSSION

Although the relevant Washington statute mentions an action to enforce a lien on a judgment, "the statute does not set out a procedure for enforcement." *King Cty. v. Seawest Inv. Associates, LLC*, 141 Wn. App. 304, 315 (2007).  "[T]he statute does not require that such an action be separate from the underlying proceeding.  Thus, it places the question of how to properly adjudicate the lien with the court, requiring it to fashion some 'form of proceeding by which the matters might be properly adjudicated.'" *Id*. (quoting *State ex rel. Angeles Brewing & Malting Co. v. King County Superior Court*, 89 Wn. 342, 345 (1916)).

In this case, the Court finds that it is inappropriate to consider enforcement of Bailey's lien as a part of the underlying action.  Eden and Bailey entered into a contract that contains a provision governing the current dispute.  The parties agreed to either submit the dispute to binding arbitration or to file an action in one of the King County courts.  One of these options is the "form of proceeding by which the matters might be properly adjudicated." *Seawest*, 141 Wn. App. at 315 (quoting *Angeles Brewing*, 89 Wn. at 345).  Therefore, the Court denies Bailey's motion to enforce his lien.

Regarding Wal-Mart's motion, the Court finds that the deposit of the money judgment into the Court's registry is not warranted.  If Eden and Bailey fail to amicably settle their dispute, then Wal-Mart may file an interpleader action in one of the King County courts.  Therefore, the Court denies Wal-Mart's motion on the issue of leave to deposit funds, but grants the motion as to the entry of judgment.

## III. ORDER

Therefore, it is hereby **ORDERED** that Bailey's motion to enforce lien (Dkt. 33) is **DENIED** and Wal-Mart's motion for entry of judgment and leave to deposit funds into the Court (Dkt. 35) is **GRANTED in part** and **DENIED in part**.

The Clerk shall enter a JUDGMENT in favor of Eden for $45,000 and close the case.

Dated this 14th day of May, 2018.

BENJAMIN H. SETTLE
United States District Judge